## MANUFACTURING AND WHOLESALE DEALERS NOT LIABLE FOR DOW LAW TAX.

[Circuit Court of Putnam County.]

DIEHL BREWING CO. V. SPENCER, TREASURER, ET AL.

Decided, October, 1903.

*Liquor Laws—Storage Houses for Beer—Not Liable for Dow Law Tax, When—Intention of the Parties as Revealed by Their Acts Controls —Handling of Beer Distinguished from the Independent Business of Trafficking Therein—Section 4364-9.*

A manufacturer and wholesale dealer in beer, who maintains a storage house at a place where beer is stored, and from which deliveries are made only to local retail dealers upon orders solicited by the traveling sales agent of the manufacturer, does not thereby become a trafficker in intoxicating liquors within the meaning of Section 4364-9, and is not subject to the Dow tax.

DAY, J.; MOONEY, J., and NORRIS, J., concur.

This case comes into this court on appeal. The petition is for injunction to restrain the county treasurer of this county from collecting certain taxes and assessments and penalties which are alleged to be illegal and unauthorized.

The plaintiff declares in its petition that its business consists wholly in the manufacture and wholesaling of beer, which business is carried on at its manufactory and office in Defiance, Ohio, and by its traveling salesmen employed to solicit business in the counties of Defiance and Putnam in said state and elsewhere. That it listed and made true returns of all its personal property in Monroe township, Putnam county, Ohio, for the years 1899, 1900 and 1901 and was duly and fully taxed and assessed thereon, and fully paid said taxes and assessments and fully paid for those years all taxes and assessments legally levied against its manufacturing business. Plaintiff says that the county auditor and his predecessors have illegally assessed against it for the years 1899, 1900 and 1901 a sum aggregating $700 and charged the same on the tax duplicate of Putnam county, Ohio, together with penalties amounting to $140, and that each and all of said

578    CIRCUIT COURT REPORTS—NEW SERIES.

Diehl Brewing Co. v. Spencer, Treas., et al. [Vol. IX, N. S.

assessments and penalties are wholly illegal and without authority of law.

Said county treasurer is attempting to collect the amount of this illegal tax and assessment and penalties, and has entered upon premises in Putnam county, owned and controlled by plaintiff, and has distrained certain goods and chattels of plaintiff for the payment of said sum, and will, unless enjoined, sell said property as upon execution at law. And plaintiff prays that said defendant may be enjoined from doing any of those acts, and from collecting or attempting to collect said illegal taxes and assessments and penalties or any part thereof and asks that the same may be declared to be illegal and void.

The answer admits the official character of defendant; that plaintiff has its manufactory, office and place of business in Defiance, and admits that it listed and made return of all its personal property in Monroe township, subject to taxation for the years 1899, 1900 and 1901 under the laws of Ohio, to the assessor of Monroe township, Putnam county, Ohio, and that it paid to the treasurer of Putnam county all taxes and assessments levied thereon. The answer denies that plaintiff's business consists wholly in the manufacturing and wholesaling of beer, and that said business is carried on in Defiance, Ohio, by its traveling salesmen, and asserts that plaintiff, during the years 1899, 1900 and 1901, was conducting the business of trafficking in intoxicating liquors on in-lot ——— in the village of Continental, Putnam county, Ohio, and that sales of intoxicating liquors have been and were made at said place of business during said years by persons employed by the plaintiff for said purpose, both at wholesale and retail, and that plaintiff has refused to pay and has not paid the taxes and assessments on said business during the years 1899, 1900 and 1901.

That said county auditor upon satisfactory information of these facts entered said tax and assessments and penalties upon the duplicate and upon the treasurer's copy thereof under Section 4364-14, Revised Statutes, all of which, and the collection thereof is lawful, and asks that if said amount be not paid by plaintiff that the goods and chattels held and distrained be sold

and the proceeds applied in payment thereof. All else in the petition is denied. The allegations of the answer are denied by the reply.

This is claimed in the answer that the plaintiff in the years 1899, 1900 and 1901 was engaged in, and carried on, the business of trafficking in intoxicating liquors at the village of Continental, Putnam county, Ohio, as contemplated by Section 4364-9, Revised Statutes, known as the Dow law—this being pleaded in defense of the remedy sought in the petition, and upon it defendants claiming the right to recover said amount of tax, assessments and penalty. This allegation of the answer is denied in the reply; so, upon the fact as to whether the business claimed in the answer to have been carried on by plaintiff was thus carried on at Continental in the years named, rests the proper determination of the case.

The law in such case has been clearly settled by the Supreme Court in a number of decisions and there can be very little, if any, difference of opinion as to what the law applicable is.

In the case of *Reyman Brewing Co.* v. *Bristor*, 92 Fed. Rep., 28, the Circuit Court of the United States held that—

"A manufacturer of beer who leases a room in a cold storage warehouse at a certain railroad station, in which to store beer shipped to that station, which has not been ordered in advance, and from which beer is delivered which is sold upon solicited orders, and from which it is sometimes sold directly, is a trafficker subject to taxation."

This was a case in which the provisions of Section 4364-8 were applied to the facts, and among the facts to be found and that were dwelt upon that court were these—I quote again from the case, page 30:

"The packages not delivered directly from the railway station to purchasers are delivered from the said storage house or room, upon orders solicited as aforesaid, and upon sales then and there at said storage room made," and again, "in other instances such collections are made by said agent, Bert Meyers, at the time of sale and delivery at said storage room. * * * The barrels and cases of beer described in the bill were * * * placed in

the storeroom above mentioned, and were to be there sold and delivered,'' and again, page 29: ''Said agent also makes sales of said packages at, and delivers the same from, the place where stored at Steubenville.''

The court, upon these facts, held the brewing company to be a trafficker in intoxicating liquors, having a place in the city of Steubenville where the traffic is carried on within the meaning of the Dow law.

The case of *Village of Bellefontaine* v. *Vassaux*, 55 Ohio St., 323, is an interesting one, and while the proposition upon which the case was decided is not presented here, the law, as announced by the Supreme Court, is in line with other decisions of that court, on the proposition presented in the case at bar, and is decisive of it.   The syllabus is as follows:

''1.   The general rule is, that title to goods intended to be transported passes from the vendor to the purchaser upon delivery by the former to a common carrier, consigned to the purchaser, whether paid for or not.   But if the vendor consigns the goods nominally to the purchaser, but actually in care of his own storekeeper, who is to retain them in control and give possession to the purchaser only on payment of the purchase price, then the delivery to the common carrier is not, in law, delivery to the purchaser.

''2.    Under such circumstances, the shipment being in effect to the vendor himself, the delivery, when it occurs, would be at the storehouse of the vendor; and the transaction would not be a completed sale at the point of shipment.

''3.   As a general rule, a sale of personal property is not completed when anything remains to be done to identify the thing sold, or discriminate it from other like things.''

The effect of this holding is, that the place where the seller relinquishes possession and control of the beer to the purchaser and the purchaser assumes possession and control thereof and pays the purchase price is to be regarded as the place of sale; and that is the single question presented in the case under consideration:   Was the plaintiff company the keeper of a place where intoxicating liquors were sold at retail other than at the manufactory, etc. ?

In the case of *Hanson* v. *Luce,* 50 Ohio St., 440, the court
defines traffic contemplated by the statute as:

"Consists in the purchase and sale or barter of the liquors
named therein, and the place of the traffic is the place where
such purchase, sale or barter is had, and not the place where the
liquors are stored for cooling or safe-keeping."

The facts which called forth this definition are:

"That the beer was put from the cars into the cooler where it
remained until delivered by the driver of the beer wagon to
customers, but no beer was sold at said cooler. The traffic was
carried on elsewhere than at the cooler which was not a place of
business but a place for storage, there being no buying and sell-
ing there."

In the case of *Jung Brewing Co.* v. *Talbot,* 59 Ohio St., 511,
it is not alleged in the petition or claimed and it does not appear
that the sales were made at the manufactory. The driver of
the beer wagon made the sales to the retail dealers. The court
held that if the customers had made their purchases or received
the beer at the storage house, then the storage house would un-
doubtedly be the place of traffic, and that the driving of the
wagon and the hauling of the beer has reference merely to the
method of carrying on the business. That in determining the
place of traffic the delivery related merely to the place or build-
ing from whence the delivery was made; and not being in con-
nection with a business on which the proprietor paid the tax as in
*Hanson* v. *Luce, supra,* but as a separate and independent busi-
ness of trafficking upon which no tax was paid, when this is
done, whether from a wagon or at a place, the condition arises
which creates the liability to pay the tax. And so the court
announces in its syllabus that—

"A manufacturer of intoxicating liquors who carries on the
business of selling them elsewhere than at the manufactory, is
engaged in the traffic within the purview of Section 4364-9,
Revised Statutes, and subject to the tax thereby imposed."

The cases all hold that the traffic consists in the purchase and
sale·or barter. The place of traffic is the place where such pur-

582    CIRCUIT COURT REPORTS—NEW SERIES.

Diehl Brewing Co. v. Spencer, Treas., et al. [Vol. IX, N. S.

chase and sale or barter is had, or to which it is referred. That the cooler or storehouse at which no buying or selling is done and which is not a place of business but which is used merely as a place of storage and safe-keeping is not a place of traffic, and so, that handling the beer is not the independent business of trafficking in intoxicating liquors as contemplated by the law. The intention of the parties as discovered from their acts controls. When their acts indicate an independent business of trafficking, the payment of the tax can not be escaped. Then let us apply the law, as settled by the Supreme Court, to the facts appearing in this case.

The plaintiff brewing company was, during the period named in the petition, engaged in the business of manufacturing and wholesaling beer at its manufactory or brewery in the city of Defiance, Ohio. It had a cold storage house for the storage of its beer in the village of Continental in this county. It shipped its beer by the car load to Continental, took it from the cars and placed it in the storage house. The storage house was in charge of one Philip Wolsifer, and from this storage house it was his duty to deliver the beer. The customers to whom he was charged to make these deliveries of beer were those who trafficked in intoxicating liquors at retail, and were subject to the tax imposed by the statute. It appears that he was only thus in charge safely to keep and make deliveries. With fixing prices and making sales he had nothing to do. He was especially instructed not to make sales. It was no part of Wolsifer's duty to receive from the customers the purchase price of the beer, though at times upon specific order from his employer, the brewing company, or from Mr. Smith, their traveling agent and trade solicitor, he made some collections, but whatever collections were made by him were an additional duty, in no wise referable to the sale or the delivery of the beer, and not in the light of payments and were not payments which in any wise accompanied or accomplished a change of ownership or a change of possession of the property, but were all after the sales and after the delivery and after ownership of the property and the possession of it had passed to the purchaser, and the collections were made strictly

as a collector and in that character, and in no wise as a deliverer, or a seller of beer. He was acting as a collector of claims which had arisen upon promises to pay for property before that time sold and delivered to the purchasers. The money thus collected was by order of his employer placed on deposit to the credit of his employer in the bank at Continental, and these, as the evidence shows, were the acts done and the duties performed by Wolsifer under his employment.

A witness, Mr. Ladd, testifies that at one time Mr. Wolsifer sold him a keg of beer at the storehouse. This Wolsifer denies and the evidence tends to show, by the testimony of Wolsifer and Mr. Conn that the witness, Mr. Ladd, was mistaken as to the vendor, and that the beer was purchased by Coons, a retail dealer, and was not sold by Wolsifer. In any event and if it were even sold by Wolsifer, it was not within the scope of his authority but was in disobedience of the instructions of his employer, who enjoined upon him to make no sales to anybody.

Mr. Christ Diehl is a member of plaintiff's firm. Mr. Andrew C. Smith is the agent of the firm, whose duty is to solicit orders in the territory comprising Continental and to make collections for beer sold. By the testimony of these two witnesses, the storehouse at Continental was a place of deposit from whence convenient delivery might be made to customers at Continental and in that vicinity. The customers were retail dealers and traffickers who were subject to the tax. The trade was solicited through this territory which Mr. Smith says he visited every thirty days and the sales were made by orders to the home office and there confirmed, and orders went either directly or through the agent Smith to Wolsifer to make delivery. Each sale was not a specific quantity but the price was fixed and the delivery was ordered to be made from the cold storage house to suit the needs of the customers; that these were the conditions is corroborated by the testimony of other witnesses in the case, but no sale was made, no money was paid at the storehouse, no change of ownership, no change of possession; no right of possession arose because of anything done at the storehouse, or from any act of Wolsifer, the man in charge, that he did do or could do within the scope of his employment or instructions.

The things he did were not to sell or barter or traffic. The storehouse of which he was in charge was not a place of sale or barter, for he made no sales and no sales were made at that place. And so it is the opinion of the court that in no conceivable view of the situation shown by the evidence, and in no sense as defined by the courts, can plaintiff be deemed to be a trafficker as claimed by the defendant and as contemplated by the statute, and as such held to the payment of the tax.

. The finding is, therefore, for the plaintiff, granting the perpetual injunction prayed in the petition. Costs are adjudged against the defendant. Execution for costs is awarded, and the case is remanded for execution.

*B. F. Enos* and *J. P. Bailey,* for plaintiff.

*Risser & Smith,* for defendants.